THE GERMAN INSURANCE COMPANY, OF FREEPORT, ILL., v. M. E. AND I. B. HALL.

1. FOREIGN INSURANCE COMPANY — *Service of Process.* Where an insurance company incorporated under the laws of another state, in compliance with the provisions of chapter 50*a*, § 41, General Statutes of 1889, files in the insurance department of this state its written consent irrevocable that service of process on the superintendent of insurance shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation, such company thereby, in effect, stipulates that so far as the matter of obtaining personal jurisdiction of it is concerned, the superintendent of insurance is the chief officer of the corporation; and service of process on the superintendent of insurance is service of process on the corporation. The form of the process and the manner of its service are for the legislature alone to prescribe.

2. SUMMONS, *Form of — How Directed.* Where it is intended that a summons against an insurance company incorporated under the laws of another state shall be served on the superintendent of insurance of this state in the manner prescribed by chapter 50*a*, § 41, General Statutes of 1889, the form of the summons is the same as that prescribed by § 59 of the code, except that it is directed to the superintendent of insurance, and not to the sheriff.

3. ——— *Gives Personal Jurisdiction, When.* Where such a summons is issued on June 23, requiring the defendant to answer the petition on or before August 4, thereafter, and is, forthwith forwarded by the clerk of the court to the superintendent of insurance, and the summons was received by him on the following day, and a copy thereof was by the superintendent immediately forwarded to the secretary of the company sued, *held*, that the court obtained personal jurisdiction of the insurance company.

4. STATUTE, *Directory.* The requirement of the statute that the superintendent shall forward a copy of the summons to the secre-

tary of the company sued, and another copy to the general agent of said company, if any such agent resides in the state, is directory only, and compliance therewith is not essential to jurisdiction.

5. POLICY — *Proofs of Loss — Waiver.* Where no objection is made to the proofs of loss submitted under a fire-insurance policy until nearly 30 days after their receipt by the company, and until after the expiration of the time allowed the policy-holder under the contract of insurance in which to submit his proofs of loss, no reason being shown for the delay in objecting to the proofs furnished, the insurance company must be held to have waived any informality or irregularity in the proofs of loss as submitted.

6. Loss, *When Payable — No Cause of Action Stated.* Where the contract of insurance provides that the amount of loss is to be paid in 60 days "after the loss shall have been ascertained in accordance with the conditions of the policy," and it does not appear from the petition that, at the commencement of the action, 60 days had elapsed after the loss was ascertained in accordance with the conditions of the policy, *held*, the petition fails to state a cause of action against the insurance company.

MEMORANDUM.—Error from Republic district court; F. W. STURGES, judge. Action on a fire-insurance policy by M. E. and I. B. Hall, partners, against the German Insurance Company, of Freeport, Ill. Plaintiffs had judgment, and the defendant company brings the case to this court. Reversed. The opinion, filed July 6, 1895, contains a sufficient statement of the facts.

*H. M. Jackson,* for plaintiff in error.

*Noble & Hogin,* for defendants in error.

The opinion of the court was delivered by

CLARK, J. : The first question we are asked to consider arises upon the objection made by the plaintiff in error to the summons and the service thereof. Chapter 50*a*, § 41, General Statutes of 1889, of this state, provides that every insurance company incorporated under the laws of any other state, as a condition precedent to

obtaining any authority to transact any business of insurance in this state, "shall file in the insurance department its written consent irrevocable that actions may be commenced against such company in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside, by the service of process on the superintendent of insurance of this state, and stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation." This section further provides, that "the summons shall be directed to the superintendent of insurance," . . . and "shall be forthwith forwarded by the clerk of the court to the superintendent of insurance, who shall immediately forward a copy thereof to the secretary of the company sued and another copy to the general agent of said company, if any such agent reside in this state; and thereupon, said superintendent shall make return of said summons to the court whence it issued, showing the date of its receipt by him, the date of forwarding such copies, and the name and address of each person to whom he forwarded such copy."

The plaintiff in error contends that the true construction of the statute is that the summons must be issued to the sheriff, as otherwise required by the code, and by him served upon the superintendent of insurance, upon service of which the superintendent must notify the company of the service of such summons. We cannot agree with counsel in this construction of the statute. In speaking of the form of such summons, in *Insurance Co. v. Coverdale*, 48 Kas. 446, the supreme court held that—

"Where an action is commenced against an insur-

ance company of another state or of a foreign government doing business in this state, and the only service obtained upon the company is through the superintendent of insurance of the state, the summons must be directed to the superintendent, . . . but the form of the summons is the same as prescribed in § 59 of the code, except it is directed to the superintendent of insurance, and not to the sheriff of the county where the action is pending.''

The summons in this case was in exact compliance with the requirements of the statutes of this state, as construed by the supreme court.

It is admitted by the pleadings that the plaintiff in error was engaged in the business of fire insurance in this state, and it is conclusively presumed against it that, before doing so, it duly assented, as required by the statute, that in actions brought against it jurisdiction might be obtained by service upon the superintendent of insurance in the manner prescribed by the statute which authorized it to do business in this state upon compliance with its terms. (*Insurance Co. v. French*, 18 How. 404; *Ehrman v. Insurance Co.*, 1 McCr. 123; *Railroad Co. v. Harris*, 12 Wall. 65; *St. Clair v. Cox*, 106 U. S. 350: *Gibbs v. Insurance Co.*, 63 N. Y. 114; *Insurance Co. v. Curran*, 8 Kas. 9.)

Having assented that jurisdiction might be obtained by service upon the superintendent of insurance of this state, the company became, so far as the matter of obtaining personal service is concerned, a resident within the state, and the legislature had ample authority to prescribe both the form of the summons and the manner of service thereof upon the designated agent. (*Pennoyer v. Neff*, 95 U. S. 714; *Ex parte Schollenberger*, 96 id. 369; *Knott v. Insurance Co.*, 2 Woods, 479; *Dillon v. Heller*, 39 Kas. 603.) In the case last cited, VALENTINE, J., says: ''All things

within the territorial boundaries of a sovereignty are within its jurisdiction. . . . To obtain jurisdiction of anything within the state of Kansas, the statutes of Kansas may make service by publication as good as any other kind of service." In this case, the service of the summons was made upon the superintendent of insurance, in the manner prescribed by the statute, and the superintendent made return thereof, showing that the summons was received by him on the day following its date, and that on the same day he forwarded a duly-certified copy of the same to the secretary of the company sued.

It is objected that the return of service on the summons was insufficient. This objection is based upon the fact, as stated by counsel, that "it does not appear from the return of such service that a copy of said summons was sent to the general agent of the company of this state, nor does it appear that said company had no general agent in the state of Kansas." While the statute requires the superintendent of insurance to forward a copy of the summons to the secretary of the company sued, and another copy to the general agent of said company, if any such agent resides in the state, we do not think these acts are essential to jurisdiction. That the requirement of the statute, that a copy of the summons shall be forwarded to a resident agent of the company, is not jurisdictional, is evident from the fact that jurisdiction exists just as fully without forwarding such copy, if no general agent of the company resides in the state. The forwarding of a copy of the summons to the secretary of the company in another state gives no aid to the jurisdiction of the court over the person. The service of summons, to have that effect, must be made upon one *in* this state who stands as a repre-

sentative of the company. (*Pennoyer v. Neff*, supra; *Amsbaugh v. Exchange Bank*, 33 Kas. 105.)   The superintendent is directed to forward these copies of the summons, in order that they may have notice of the fact that a suit has been commenced against the company by service of process upon him as the designated agent of the company upon whom service is authorized by the company, thus emphasizing the duty which he owes to the company, even though the statute were silent upon that point.   That the company received notice of the commencement of the action in due time to prepare its defense thereto, is clearly shown by the record.   Hence, the sole object of the requirement of the statute concerning the forwarding of these copies has been attained.   We think it clear, on principle and authority, that every precedent condition was complied with to acquire jurisdiction in this case, and that the motion to quash the summons and the motion to set aside the service thereof, were properly overruled.

The proofs of loss, as submitted, were sufficient under the contract of insurance, if not objected to within a reasonable time after their receipt by the company.   No objection to the proofs of loss having been made until nearly 30 days after their receipt, and until after the expiration of the 60 days which defendants in error had under the contract of insurance in which to submit their proofs of loss, no reason being shown for the delay in objecting to the proofs furnished, the company must be held to have waived any informality or irregularity in the proofs of loss as submitted. (*Insurance Co. v. Schueller*, 60 Ill. 465; *Keeny v. Insurance Co.*, 71 N. Y. 396.)

The existence of concurrent insurance was matter of defense.   It was not necessary for the plaintiffs be-

low to allege or prove such fact to entitle them to recover.

The plaintiff in error complains of the order of the court overruling its motion "to make the petition more definite and certain by stating therein, definitely and with certainty, when the proofs of the loss were made out, and how and to whom the same were transmitted to the defendant." This action was commenced on June 23, 1890, alleging a loss by fire March 6, 1890. A copy of the contract of insurance was attached to and made a part of the petition. Under this contract the insured had 60 days after the loss occurred within which to make their proofs of loss. The petition alleges a compliance with this condition of the contract, but does not specify the particular date upon which the proofs were submitted to the company. The petition also alleges, among other things, that the plaintiffs "have done and performed each and every thing necessary on their part precedent to their right to a recovery of the said loss." The allegations as to the date of making and transmitting the proofs of loss are sufficient under § 122 of the code, which provides that "in pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish on the trial the facts showing such performance."

The contract further provides that the amount of loss was to be paid in 60 days "after the loss shall have been ascertained in accordance with the conditions of the policy." There is nothing in the petition showing that the amount of the loss had been ascertained in accordance with the conditions of the policy

4—APP.

60 days prior to June 23, the date of the commencement of this action. Hence, there was nothing to show a failure on the part of the insurance company to pay the amount of the loss within the time stipulated in the contract. As was said in *Bradley v. Parkhurst*, 20 Kas. 462 : "Where there is an absolute want of allegations sufficient to make out a cause of action, demurrer, and not motion to make more definite and certain, is the proper remedy." In order to show a cause of action arising out of contract, the petition must state facts showing a breach of the contract and failure on the part of the defendant to do in the manner and within the time stipulated that which the agreement of the parties said should be done. When the contract is to pay money on or before a certain date, the petition must show a failure to pay within that time. (1 Chitty, Pl., 341 ; Gould, Pl., ch. 3, § 63 ; Bliss, Code Pl., § 296.) As it did not appear from the petition, or any of the pleadings filed in the case, that at the commencement of this action, 60 days had elapsed after the loss was ascertained in accordance with the conditions of the policy, no cause of action was alleged against the insurance company, and the court erred in overruling the objection of the defendant below to the introduction of any evidence under the petition. ( *Carberry v. Insurance Co.*, 51 Wis. 605 ; *Doyle v. Insurance Co.*, 44 Cal. 264 ; *Perry v. Insurance Co.*, 8 Fed. Rep. 643 ; *Lester v. Insurance Co.*, 55 Ga. 475 ; *National Bank v. Insurance Co.*, 61 N. W. Rep. 438 ; *Cowan v. Insurance Co.*, 20 Pac. Rep. 408 ; *Cooledge v. Insurance Co.*, 30 Atl. Rep. 798 ; *Paul v. Hodges,* 26 Kas. 225.)

The judgment of the court will be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.