ACKLEY, RESPONDENT, *v.* PHENIX INSURANCE COMPANY, APPELLANT.

(No. 1,289.)

(Submitted March 19, 1901.   Decided April 15, 1901.)

*Insurance — Pleading — Contracts — Condition — Breach— Interpretation—Trial by Referee—Restricting Cross-Examination—Harmless Error—Recovery—Amount.*

1.   Under Code of Civil Procedure, Sec. 746, declaring that in pleading performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, a complaint in an action on a fire policy sufficiently alleges performance of a condition precedent in the policy, requiring loss to be ascertained by arbitrators in case of disagreement, when it alleges generally that plaintiff has duly performed all the conditions of the policy on his part.

2.   Since a policy insuring "articles usually kept for sale in retail drug stores" covers gasoline, benzine and ether, the keeping of such articles in reasonable quantities on the insured premises is permitted, and will not avoid the policy, though a printed condition therein declares in effect that, unless otherwise provided by agreement indorsed thereon or added thereto, the policy shall be void if there be kept benzine, ether or gasoline, notwithstanding any custom or usage of trade may permit them to be kept.

3.   Error of a referee in unduly restricting cross-examination of a witness was not prejudicial when the testimony sought to be elicited was covered substantially by subsequent testimony from the same witness on cross-examination.

4.   A decision by a referee allowing a recovery on a fire policy, without any deduction on account of a prior loss for which proof had been made, was not erroneous, where there was no evidence of the amount of the prior loss or that it had been adjusted and paid.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Libbie L. Ackley against the Phenix Insurance Company of Brooklyn, N. Y. From a judgment for plaintiff, and from an order refusing a new trial, defendant appeals. Affirmed.

*Mr. Thomas E. Brady,* for Appellant.

Under the provisions and conditions of the policies, which appear in and are made a part of the complaint, it was necessary for plaintiff to allege in her complaint either that there was an appraisement and award or that the submission to appraisement was waived or prevented by the defendant. (*George Dee & Sons Co.* v. *Ins. Co.,* 104 Iowa 167; *Hamilton & Home Ins. Co.,* 137 U. S. 370; Ostrander on Fire Insurance, 2d Ed. Sec. 258.) The keeping of benzine, gasoline and ether was a violation of the express terms of the policies and rendered them void. (*Steinbach* v. *Ins. Co.,* 13 Wall (U. S.), 183; *Lancaster Ins. Co.* v. *Lenheim,* 89 Pa. St. 479; *Fischer* v. *London & Lancashire Fire Ins. Co.,* 83 Fed. Rep. 807; *Franklin Ins. Co.* v. *Yidegraff,* 43 Penn. St. 350; *Phoenix Ins. Co.* v. *Fleming,* 65 Ark. 54; *Yoch* v. *Home Ins. Co.,* 111 Cal. 503.) The written part of the policies control the printed part only where they are inconsistent with each other (Sec. 3138 Code of Civil Procedure), but they are not inconsistent in this case. Section 2206 of the Civil Code provides: "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (And see Sec. 3134 Code of Civil Procedure.) Under these statutes the provisions of the policies prohibiting the keeping of benzine, gasoline, etc., cannot be ignored. They were left in the policies as part of the contract. They must be given effect if reasonably practicable. This can be done by construing the policies to mean that the plaintiff could keep all things, other than benzine and the other prohibited articles, which are

usually kept in drug stores, but that she could not keep the prohibited articles. That is the only reasonable construction which can be given to the contracts under the statute and the only way in which all the parts can be given effect. If the insured wished to keep benzine or any thing else the policy could easily have been made to say so.

*Mr. James Donovan* and *Mr. N. W. McConnell,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

This was an action to recover $2,650 on two policies of insurance issued by the defendant to the plaintiff upon "her stock of drugs, oils, paints, glass, fancy articles, patent medicines, wall paper, liquors, and other articles usually kept for sale in retail drug stores," and "her store furniture and fixtures, including counters, shelving and showcases," and "her one-story frame, shingle-roof building occupied as a drug store, situate on the premises of the assured in the town of Sand Coulee, Cascade county, Montana." The policies insured the plaintiff to an amount not exceeding $1,650 upon her stock of merchandise and fixtures, and to an amount not exceeding $1,000 on the building. The complaint states that the plaintiff was the owner of the property insured; that the defendant issued the policies, which are pleaded by copy; that on the 4th day of February, 1897, the property was totally destroyed by fire, and at the date of the loss was of the actual cash value of $4,600; that plaintiff's loss under the policies was $2,650; that the plaintiff, immediately after the loss, and more than sixty days prior to the commencement of the action, notified the defendant thereof, and furnished it with written proof of the loss; that the plaintiff has duly performed all the conditions on her part to be performed; that the sum of $2,650 is due and unpaid from the defendant to the plaintiff; and that the defendant refuses to pay that or any other sum. In its answer

the defendant denies the plaintiff's ownership of the property, and alleges that the property was nominally conveyed to the plaintiff for the use and benefit of one McCann, who was at all times the sole owner; that the actual cash value of the personal property destroyed was not in excess of $100, and that the building, at the time of the fire, did not exceed in value the sum of $200; that in August, 1896, a partial loss occurred under one of the policies, by a fire which destroyed some of the goods described therein, which loss was adjusted, and plaintiff paid thereon $94.06, and that such payment was made to the plaintiff without any knowledge on the part of the defendant at that time that plaintiff was not the real owner of the property, and that the liability, if any, under one of the policies, had thereby been reduced to the extent of $94.06. The defendant denies that the plaintiff duly performed all the conditions on her part to be performed, as imposed by the terms of either policy, specifying that the failure consisted in this: that she knowingly kept in stock in the building insured during the lifetime of the policies, and had therein at the time of the fire, a considerable quantity, consisting of between five and ten gallons, of gasoline, and between five and ten gallons of benzine, also a considerable quantity of ether, contrary to the express provisions and terms of the policies, by reason of which the risk was largely increased to the defendant, and whereby the plaintiff rendered void the policies. Defendant also pleaded that the policies provided that the company should not in any event be liable for an amount greater than three-fourths of the cash market value of the property at a time immediately preceding the loss or damage by fire. The contents of the pleadings need not be further stated.

By consent the cause was sent to C. H. Benton, Esq., as referee. He found the issues for the plaintiff, and reported a judgment for $2,650 against the defendant. In accordance with the report, judgment was entered, and from it, and an order refusing a new trial, the defendant appeals.

1. The first point urged by the defendant is that the com-

plaint does not state facts sufficient to constitute a cause of
action.  Counsel argues that it does not appear from the policies
or from the facts alleged in the complaint that the defendant
assumed any obligation toward the plaintiff which it failed
to perform.  Each policy contains the following: · "This com-
pany shall not be liable beyond he actual cash value of the
property at the time any loss or damage occurs, and the loss or
damage shall be ascertained or estimated according to such
actual cash value, with proper deduction for depreciation, how-
ever caused, and shall in no event exceed what it would then
cost the insured to repair or replace the same with material of
like kind and quality.  Said ascertainment or estimate shall
be made by the insured and this company, or, if they differ,
then by appraisers, as hereinafter provided; and, the amount
of loss or damage having been thus determined, the sum for
which this company is liable pursuant to this policy shall be
payable sixty days after due notice, ascertainment, estimate and
satisfactory proof of the loss have been received by this com-
pany in accordance with the terms of this policy.  *   *   *
In the event of disagreement as to the amount of loss, the same
shall, as above provided, be ascertained by two competent and
disinterested appraisers, the insured and this company each
selecting one, and the two so chosen shall first select a compe-
tent and disinterested umpire.  The appraisers together shall
then estimate and appraise the loss, stating separately sound
value and damage, and, failing to agree, shall submit their
differences to the umpire; and the award in writing of any
two shall determine the amount of such loss.  *   *   *   No
suit or action on this policy for the recovery of any claim shall
be sustainable in any court of law or equity until after full
compliance by the insured with all the foregoing requirements.
*   *   *"

Counsel says that under these provisions the complaint must
state either that there was an appraisement or award, or that
a submission to appraisement was waived or prevented by the
defendant.  Assuming that the complaint must, in substance,

contain the statements which the defendant asserts have been omitted, we are clearly of the opinion that in this regard the complaint is not obnoxious to the objection now interposed, for the plaintiff therein alleges that she has duly performed all the conditions of the contracts on her part. Section 746 of the Code of Civil Procedure declares that in pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and, if such allegation be controverted, the party pleading performance generally must on the trial establish the facts. The plaintiff in this case chose to avail herself of the privilege granted by this section, and the defendant did not by its answer controvert the allegation, except with respect to the keeping by the plaintiff of certain prohibited articles in the insured building,—we remark, in passing, that the defendant misapprehends the scope of the allegation that the plaintiff had duly performed all the conditions upon her part; it was not necessary for her to plead in the complaint that she had not kept the articles prohibited, and hence that she had not done so was not, as matter of pleading, the performance of a condition precedent; the allegation of due performance included the performance of conditions precedent only, and that she kept the articles forbidden was matter of affirmative defense, and no part of the statement of the plaintiff's cause of action. Without considering what effect a denial by the defendant of any liability might have upon the arbitration and award clauses, without considering whether the complaint states a denial by the defendant of any liability, and without deciding whether such denial, if pleaded, would obviate the necessity of alleging compliance with the arbitration clauses, suffice it to say that the defendant, by failing to deny, admitted that the plaintiff complied with the requirements of the policies touching arbitration and award.

2.   Each policy declares that the defendant insures the plaintiff against loss or damage by fire, "except as hereinafter pro-

vided," and contains, among others, the following printed provisions: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above described premises, benzine,  *  *  *  ether,  *  *  *  gasoline.  *  *  *  This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The provisions quoted appear and are part of the printed forms upon which the policies were made out. The description of the subject-matter of the risk, specified as plaintiff's "stock of drugs, oils, paints, glass, fancy articles, patent medicines, wall paper, liquors and other articles usually kept for sale in retail drug stores," is typewritten, and was attached to the policies in the places left for the insertion of the description. The defendant averred that the plaintiff, contrary to the terms of the policies, kept in stock gasoline, benzine and ether. At the trial it was shown that when the fire occurred there were in stock four pounds of ether, five gallons of benzine, and not more than ten, nor less than five, gallons of gasoline. The defendant insists that there was no evidence tending to prove that ether, benzine and gasoline are articles usually kept for sale in retail drug stores, but we are satisfied that the evidence did tend to prove that the three articles named are usually kept for sale

in retail drug stores, and that the plaintiff kept them for that purpose. The testimony of the witness McCann was manifestly to that effect, although the question propounded to him upon the subject, if considered apart from the context, is not free from ambiguity. No effort was made to show that the articles were kept in excessive quantities. Under the evidence, the referee was justified in finding that gasoline, benzine and ether were articles usually kept for sale in retail drug stores. Did the keeping of these by the plaintiff for that purpose avoid the policies? We are of the opinion that it did not.

The provisions quoted did not constitute an absolute prohibition against the keeping of benzine, ether or gasoline. In its printed part each policy declares, in effect, that, unless otherwise provided by agreement indorsed thereon or added thereto, it shall be void if there be kept benzine, ether or gasoline, notwithstanding the fact that any usage or custom of trade or manufacture may permit them or any of them to be kept; and each policy is declared to be made and accepted subject to this stipulation and condition, together with such other provisions, agreements or conditions as may be indorsed thereon or added thereto. In accordance with the terms of the printed part of each policy there was added an agreement in writing by which the defendant insured, and the plaintiff accepted insurance upon, articles usually kept for sale in retail drug stores. This agreement is in no wise repugnant to the inhibition against the keeping of benzine, gasoline or ether, for the keeping of these articles is prohibited unless the parties otherwise agree. They did otherwise agree, and the agreements must be held to be agreements attached to the policies "which removed the exemption from liability which would otherwise have existed." (*Yoch* v. *Home Mutual Insurance Co.*, 111 Cal. 503, 44 Pac. 189, 34 L. R. A. 857, and authorities there cited; and cases cited in note to *Lancaster Fire Insurance Co.* v. *Lenheim*, 33 Am. Rep. 781.) The true meaning of the prohibitory provision seems to be that the keeping of any of the articles named, though kept in accordance

with the usage or custom of trade or manufacture, will avoid the policy, unless an agreement be attached to the policy providing otherwise; a paraphrase of the provisions being: In the absence of an agreement, attached to or indorsed on the policy, by which gasoline, benzine and ether are permitted to be kept, the keeping of these articles will render the policy void, notwithstanding the fact that, by the usage or custom of trade or manufacture, such articles may be kept. The provision was designed to prohibit under all circumstances, save when an agreement to the contrary is indorsed on or attached to the policy, the keeping of the articles named. There is upon the face of the policy no conflict or repugnancy between its different provisions, nor do we think that the evidence discloses any repugnancy. The written parts of the policies described the subject of the risk as articles usually kept for sale in retail drug stores, and the evidence discloses that gasoline, benzine and ether fall within the description. These articles were covered by the insurance so long as they remained in the stock of goods; hence the defendant agreed to except them from the qualified or conditional inhibition, and to permit them to be kept by the plaintiff without thereby avoiding the policies. In promising to insure and insuring articles usually kept for sale in retail drug stores, the defendant must be presumed to have known that gasoline, benzine and ether were so kept (the evidence proving that they were), and that they were or might be kept by the plaintiff, and, consequently, that its policies covered or might cover them. Whether these articles were usually so kept was, of course, a question of fact to be determined upon evidence. The defendant, by writing into the policy the subject matter of the risk, to-wit, "articles usually kept for sale in retail drug stores," must be deemed to have intended thereby to insure all such articles as are usually kept for sale in such stores, and this agreement must be held to be an agreement added to the policy. (*Yoch* v. *Home Mutual Insurance Co., supra.*) Counsel for the defendant contends that, under Section 2206 of the Civil Code, the provisions of

the policies prohibiting the keeping of benzine, gasoline and
ether cannot be ignored, and that, since they were left in the
policies as parts of the contracts, they must be given effect if
reasonably practicable. He argues that this can be done by
construing the policies to mean that the plaintiff could keep all
things, other than the prohibited articles, which are usually
kept in retail drug stores, but that she could not keep the pro-
hibited articles. The views which we have expressed dispose
of this suggestion; we add, however, that the interpretation for
which counsel contends is based upon an assumed repugnancy,
and, if adopted, would destroy, in part, the written agreement,
which must prevail over any printed agreement repugnant
thereto. It would be in disregard, also, of Section 2217 of
the Civil Code, for the reason that, if effect were given to the
printed clause which is asserted to be repugnant to the written
one, the general intent and purpose of the contract, viewed as
a whole, would be subordinated to the printed clause assumed
to be repugnant. The conclusion seems to be irresistible that
that the defendant intended to insure the plaintiff against
loss or damage by fire of or to articles kept by the plaintiff in
her drug store, including gasoline, benzine and ether, and that
the intention of the plaintiff was to have these things covered
by the policies.

3.   Much of the brief in behalf of the defendant is devoted
to an argument by which it is sought to be shown that the
plaintiff failed to prove by competent evidence how much, if
any, damage she sustained by the loss of the property, and
that the evidence is insufficient to justify the finding that three-
fourths of the cash value of the property was the sum of
$2,650. Careful and repeated examinations of the evidence
satisfies us that the witnesses were qualified to testify touching
the value of the property destroyed, and that the evidence sus-
tains the findings, both express and implied.

4.   It is contended that the referee erred in not permitting
proper cross-examination of the witness McCann in respect
of his interest in the insured property and the result of the

suit.    One of the questions propounded had a double aspect, and we think there was no error committed in ruling it out upon that ground.    Proper questions, however, were put, and the cross-examination in the particular adverted to was unduly restricted, but the error became nonprejudicial by subsequent testimony from the same witness on cross-examination covering substantially the material matter which by proper questions was sought to be elicited on the former cross-examination.

5.    The only remaining specification of error which deserves mention is that the findings and judgment are for the full amount of the face of the policies, without deduction on account of a prior fire which consumed part of the insured property, and for which proof of loss had been made by the plaintiff.    Although the defendant, in its answer, averred that a part of the property insured had been destroyed by a fire in August, 1896, and that the loss thereby was adjusted, and $94.06 paid to her by the defendant, there was nothing shown upon the trial with respect to the amount of the loss, or what sum, if any, was paid.    It appeared, incidentally, that there was a fire in August, 1896, which destroyed some of the property, and that the plaintiff made proof of loss; further than this the evidence is silent.    It is obvious, therefore, that the position of the defendant is untenable.

The judgment and the order denying the motion for a new trial are affirmed.

*Affirmed.*