SMITH, RESPONDENT, *v.* FRANKLIN FIRE INSURANCE CO., APPELLANT.

(No. 4,525.)

(Submitted November 1, 1921. Decided December 5, 1921.)

[202 Pac. 751.]

*Fire Insurance—Notice, Proof and Ascertainment of Loss— Complaint — Performance — Statutory Allegation—Pleading and Practice—Default—Motion to Set Aside—General Appearance—Defective Summons—Waiver.*

Pleading and Practice—Motion to Set Aside Default—Defective Summons —General Appearance—Waiver of Defect.
 1. A motion to set aside a default judgment constitutes a general appearance and waives any defect or irregularity in the service of summons.

[61 Mont. 441.]

Fire Insurance—Notice of Loss—Complaint—Inferences—Sufficiency.

2. In an action on a fire insurance policy which among other things provided that loss should not become payable until sixty days after notice of loss had been received by defendant company, failure of the complaint to allege directly that sixty days had elapsed after service of notice and before commencement of action did not render the pleading insufficient where, by reference to the record, it appeared affirmatively that the complaint was filed sixty-five days after service of notice.

Same—Notice and Proof of Loss—Conditions Precedent to Recovery.

3. While proof of loss required by a fire insurance policy to be given sixty days before the loss shall become payable may, under certain circumstances, serve the purpose of notice of loss also required, mere notice does not ordinarily supply the place of formal proof, the performance of each of the acts being a condition precedent to the right of the insured to recover in the absence of waiver.

Same—Liability—Lapse of Sixty Days After Proof of Loss—Complaint.

4. The complaint in an action on a fire insurance policy must allege affirmatively that the sixty-day period provided for therein before the loss became payable had expired before commencement of the action.

Same—Conditions Precedent—Performance—General Statutory Allegation of Performance Insufficient.

5. The lapse of sixty days mentioned above, not being a condition precedent which plaintiff could perform before commencing suit, her general allegation, permissible under section 6572, Revised Codes, that she had performed all conditions precedent to be performed by her under the contract, did not supply the necessary allegation that the period had elapsed before filing complaint.

Same—Ascertainment of Loss—Complaint—Burden of Insurer.

6. *Semble:* It would seem that where a fire insurance policy provides that loss shall not become payable until sixty days after ascertainment or estimate of its amount by the insured and the insurance company, or, if they differ, by a board of appraisers, the burden of the disclosing that that time had not elapsed before commencement of action is upon defendant company and not upon insured.

Same—Ascertainment of Loss—Complaint—Allegation of Demand and Refusal Sufficient.

7. *Held,* that an allegation that plaintiff had demanded adjustment of her claim under a fire insurance policy but that insurer had refused to participate in an ascertainment of the loss was sufficient to meet the requirement that action should not be commenced until sixty days after ascertainment of the loss by one of the methods prescribed in the policy.

*Appeals from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by Daisey E. Smith against the Franklin Fire Insurance Company of Philadelphia, Pennsylvania. Judgment for

---

3. Furnishing proofs of loss within prescribed time as condition precedent to action on policy, see notes in 15 **Ann. Cas.** 335; Ann. Cas. 1912C, 604.

[61 Mont. 441.]

the plaintiff upon defendant's default, and from the order over-ruling motion to vacate the judgment and to permit defend-ant to file an answer, defendant appeals. Reversed and re-manded.

*Messrs. Freeman & Thelen* and *Mr. G. S. Frary*, for Appellant, submitted a brief; *Mr. Frary* argued the cause orally.

Where service of process is irregular a default entered against defendant and a judgment by default should be set aside without a showing of excusable neglect or inadvertence. (*Brown* v. *Gaston & Simpson etc. Min. Co.*, 1 Mont. 57, 63.) It is good grounds for vacating a default judgment that de-fendant had no notice of the action either because of a failure to serve him with process or because the process or service was fatally irregular or defective. And the rule includes cases where the defendant being a corporation, it was served on one not authorized to receive service. (23 Cyc. 914; *Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388, 33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452; *Wheeler* v. *Moore*, 10 Wash. 309, 38 Pac. 1053.)

The complaint is silent as to any allegation that proofs of loss were ever received by defendant or that sixty days have elapsed since the proofs of loss were served upon the defendant insurance company and the commencement of the action. In fact, there is no allegation that proofs of loss were ever served upon the said insurance company and the affidavits show no proofs of loss were ever served upon the insurance company. The complaint therefore states no cause of action against the defendant company. (*Clemens* v. *American Fire Ins. Co.*, 70 App. Div. 435, 75 N. Y. Supp. 484; 2 May on Insurance, 4th ed., 1313; *Wicecarver* v. *Mercantile Town Mut. Ins. Co.*, 137 Mo. App. 247, 117 S. W. 698; *Doyle* v. *Phoenix Ins. Co.*, 44 Cal. 264; *Borger* v. *Connecticut Fire Ins. Co.*, 24 Cal. App. 696, 142 Pac. 115.)

*Messrs. Speer & Lohrke,* for Respondent, submitted a brief.

If one against whom a judgment has been rendered by default without a valid service of process appears and asks that the default shall be set aside and for leave to answer on the merits, he thereby waives the want of process.   (*Crane* v. *Penny,* 2 Fed. 187; *Douglass* v. *Pacific Mail Steamship. Co.,* 4 Cal. 304; *Gilchrist Transp. Co.* v. *Northern Grain Co.,* 107 Ill. App. 531; *Aherene* v. *Wakenney Land & Inv. Co.,* 82 Kan. 435, 108 Pac. 842; *Frear* v. *Heichart,* 34 Minn. 96, 24 N. W. 319; *Currey* v. *Trinity Zinc etc. Co.,* 157 Mo. App. 423, 139 S. W. 212; *Leake* v. *Gallogly,* 34 Neb. 857, 52 N. W. 824; *B. Crystal & Son* v. *Ohmer,* 79 Misc. Rep. 227, 139 N. Y. Supp. 841; *Dell School* v. *Peirce,* 163 N. C. 424, 79 S. E. 687.)

The appellant also makes the allegation that it does not appear that sixty days had expired after notice of loss, and that therefore at the time of the commencement of the action nothing was due on the policy sued upon, and cites a number of cases on this point.   The complaint specifically alleges that notice of loss was served upon the defendant February 24, 1919, and our action was filed and commenced on April 30, 1919.

We submit that the words used by the plaintiff in her complaint herein can mean nothing less than that she fully and entirely performed all the conditions precedent required on her part to be performed, and that she did all this in the proper manner and at the proper time, and that such language is sufficient to satisfy the requirements of section 6572 of the Revised Codes.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover upon a policy of fire insurance.  Summons was issued and served, but defendant failed to appear within the time allowed by law, and its default was entered and a judgment rendered in favor of the

plaintiff for the amount claimed in the complaint. Thereafter the defendant moved the court to set aside the default, vacate the judgment, and permit the defendant to file an answer, which was tendered. The grounds of the motion were that service of the summons was irregular and defective, and that the complaint does not state facts sufficient to constitute a cause of action. The motion was denied and defendant appealed from the judgment and from the order denying its motion.

It is contended that the service of the summons was in-
[1]    effectual for any purpose, in that the proper person was not served, but, however this may be, any defect or irregularity in the service was cured by filing the motion, which constituted a general appearance on the part of the defendant. (*Hinderager v. MacGinniss, ante,* p. 312, 202 Pac. 200.) Further discussion of this subject is unnecessary.

The policy in question contains many provisions, among which are the following: "If fire occur, the insured shall give
[2]    immediate notice of any loss thereby in writing to this company   *   *   *   and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating [then follows an enumeration of the facts which are to be included in the statement],   *   *   *   the loss shall not become payable until sixty (60) days after notice, ascertainment, estimate and satisfactory proof of the loss herein required, have been received by this company." The policy provides, also, that the ascertainment or estimate of the amount of the loss shall be made by the insured and the insurance company, or, if they differ, by a board of appraisers, for the creation of which provision is made.

A copy of the policy is attached to and made a part of the complaint, and it is insisted that the complaint fails to state a cause of action, in that it fails to allege that sixty days elapsed after notice and proof of loss were served upon the company, and after the amount of the loss was determined

as provided in the policy, and before the action was commenced. In the complaint it is alleged that the fire occurred on February 3, 1919, and that on February 24 plaintiff caused notice of the loss to be served upon the defendant. This action was commenced on April 30, and to determine that fact reference may be made to the record which discloses when the complaint was filed (*Connecticut Mut. Life Ins. Co.* v. *McWhirter,* 73 Fed. 444, 19 C. C. A. 519), so that it does appear affirmatively that more than sixty days elapsed after the service of notice of loss and before the complaint was filed.

There is not any allegation in the complaint that proof of [3] loss—the verified statement mentioned above—was ever furnished at any time, or at all, or that the furnishing of the same was waived. Giving the notice and furnishing the proof are separate and distinct acts. The proof may, under certain circumstances, serve the purpose of notice, but a mere notice does not ordinarily supply the place of formal proof (26 C. J. 376), and however the two acts may be done, the performance of each is a condition precedent to the insured's right to recover in the absence of waiver. (*DaRin* v. *Casualty Co.,* 41 Mont. 175, 137 Am. St. Rep. 709, 27 L. R. A. (n. s.) 1164, 108 Pac. 649.) In order to avoid the force of the objection [4, 5] now under consideration, plaintiff relies upon the following allegation which appears in the complaint: "That the plaintiff has, at all times, done and performed all of the stipulations, conditions and agreements stated in said policy to be performed on her part at the time and in the manner therein specified." Section 6572 of the Revised Codes provides: "In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading must establish, on the trial, the fact showing such performance." We think plaintiff complied substantially with the requirements of the statute (*Ivanhoff* v. *Teale,* 47 Mont. 115, 130 Pac. 972; *Enterprise*

[61 Mont. 441.]

*Sheet Metal Works* v. *Schendel,* 55 Mont. 42, 173 Pac. 1059),
and the complaint must be held to set forth sufficiently the
fact that all conditions precedent to be performed by the in-
sured alone had been duly performed (*Ackley* v. *Phenix Ins.
Co.,* 25 Mont. 272, 64 Pac. 665).

But full performance of the conditions precedent mentioned
in the policy did not give to plaintiff an immediate right of
action. By the very terms of the policy, the amount of the
loss did not become due until the lapse of sixty days after
the proof of loss was submitted, and therefore the fact that
such period elapsed before the complaint was filed must appear
affirmatively. (*Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 545;
*German Ins. Co.* v. *Hall,* 1 Kan. App. 43, 41 Pac. 69; *First
Nat. Bank* v. *Dakota F. & M. Co.,* 6 S. D. 424, 61 N. W. 439;
5 Joyce on Insurance, 2d ed., sec. 3677.)

The general rule is stated as follows: "If by the terms of
the policy the loss is not payable until a specified time after
loss occurs, or after notice and proof of loss, it is necessary
to allege that this time has expired before the commencement
of the action." (11 Ency. Pl. & Pr. 414.) The lapse of the
sixty-day period is not a condition precedent which either party
is required to or could perform. It merely fixes the time when
the liability occasioned by the fire becomes enforceable for the
first time, and for this reason the provisions of section 6572
above have no application here, and the fact that the designated
period elapsed after proof of loss was furnished cannot be
inferred from the general allegation above. (26 C. J. 496,
*Doyle* v. *Phoenix Ins. Co.,* 44 Cal. 264; *Cowan* v. *Phoenix Ins.
Co.,* 78 Cal. 181, 20 Pac. 408; *Clemens* v. *American Fire Ins.
Co.,* 70 App. Div. 435, 75 N. Y. Supp. 484; *Carberry* v. *German
Ins. Co.,* 51 Wis. 605, 8 N. W. 406.)

Counsel for appellant insist that it was incumbent upon the
[6, 7] plaintiff also to disclose by the complaint that sixty
days before the action was commenced the amount of the loss
had been ascertained by one of the methods mentioned in the
policy. Notwithstanding the apparently plain terms to that

effect, it would seem that such a construction of the policy is not admissible, for if it be adopted, then it would be within the power of the insurance company to postpone indefinitely plaintiff's right to apply to the courts for relief by refusing or failing to join in any effort to adjust the loss. Since the insurance company must join in ascertaining the amount of the loss, it would appear not unreasonable to hold that the burden is upon it to disclose that sixty days had not elapsed after the loss was ascertained, if such was the fact, and advantage was sought to be taken of the fact (*Randall* v. *Phoenix Ins. Co.*, 10 Mont. 362, 25 Pac. 960); but this is not material, for even under the authorities which seemingly sustain defendant's position an allegation that plaintiff demanded adjustment, and that the insurer refused to participate, is sufficient (26 C. J. 494). In the complaint before us there is an attempt, however crude it may be, to plead a demand by plaintiff and a refusal by defendant.

For the reason that plaintiff fails to disclose that sixty days had elapsed after proof of loss was furnished and before this action was commenced, the complaint does not state a cause of action, and will not support the judgment.

The judgment and order are reversed and the cause is remanded to the district court, with directions to set aside the judgment, vacate the default, and permit the defendant to answer within such time as the court may direct.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Galen concur.