MANHATTAN LIFE INS. CO. v. P. J. WILLIS & BRO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1894.)

No. 172.

1. PARTIES—PLEADING—WAIVER OF OBJECTIONS.

Where, in a suit on a life insurance policy by an assignee holding it as collateral security, the administrator of the assured is made a defendant, but in a petition for removal to the federal court he aligns himself on the side of plaintiff, and becomes an actor against the insurance company, the latter, if it desires him to abandon his position as defendant, and assume that of plaintiff, and plead specially as such, must make the objection before going to trial on the merits, as otherwise it will be waived.

2. PLEADING AND PROOF—VARIANCE—DESCRIPTION OF INSURANCE POLICY.

It is sufficient to describe generally a policy sued on as a policy of insurance covenanting to pay to the assured, his executors, etc., a specified

sum upon satisfactory proof of his death during the continuance of the policy, without stating the other terms and conditions thereof, and the policy cannot be excluded because of this omission, as variant from the one described.

3. LIFE INSURANCE—APPLICATION—INTERPRETATION OF ANSWERS.

A check mark (√) placed opposite a question as to whether any proposition, negotiation, or examination for insurance on the applicant's life had been previously made, on which no policy was issued, cannot be construed as a negative answer when it appears that like check marks were placed opposite certain other questions which previous answers seemed to render immaterial, apparently meaning that the question was noted but no answer was deemed necessary, and that, as a matter of fact, although the applicant had made other applications, he could not have known at the time in question whether or not policies had been issued thereon.

4. SAME—IMPERFECT ANSWERS—WAIVER.

The issuance of a policy upon an application in which some of the questions are imperfectly, or not satisfactorily, answered is a waiver of objections thereto, and renders such imperfections immaterial. Insurance Co. v. Raddin, 7 Sup. Ct. 500, 120 U. S. 190, followed.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

P. J. Willis & Bro., a West Virginia corporation, sued in the district court of Galveston county, state of Texas, the Manhattan Life Insurance Company, a New York corporation, and the administrator of Andrew Peyton, deceased, a resident of Falls county, Texas, on a policy of the Manhattan Company on the life of Andrew Peyton. P. J. Willis & Bro. alleged that the policy had been assigned to it as collateral, and that the debt (open account) did not amount to the face of the policy. The administrator of Andrew Peyton answered that the amount claimed by the plaintiff as due by the estate was correct, and joined in the pleadings of the plaintiff as against the Manhattan, and asked judgment for the amount above the debt due the plaintiff. The Manhattan Company answered by a general denial, and specially that the statements in the application by Peyton for the policy were, by its terms and the policy, warranties, and that clause No. 11 of application was falsely answered. The allegation of answer setting out the clause is as follows: "That in and by said application and clause 11, therein contained, a requirement and question was propounded to, and to be answered by, the said Andrew Peyton, in terms and substance as follows, to wit: '(11) If any proposition or negotiation for life insurance' (meaning on the life of said Andrew Peyton) 'has been made in this' (meaning this defendant) 'or any other company or association, on which a policy has not been issued, state when and in what company,'—and following said requirement and question a blank space was left in said application, to be filled with the answer of the said Andrew Peyton to the said requirement and question. That in said blank space the said Andrew Peyton made no other or further answer or reply beyond a simple check mark, as follows, to wit, √, indicating, and by the said Andrew Peyton intended, and by this defendant understood, to indicate, in answer to said requirement and question, that no proposition or negotiation or examination for life insurance on the life of said Andrew Peyton had been made in this defendant company, or in any other company or association, on which a policy had not been issued, and the said requirement and question was not otherwise noticed or answered by said Andrew Peyton in said application." The Manhattan Company alleged, in this connection, that applications to three other companies were pending at the time Andrew Peyton signed this application. The Manhattan Company further alleged that the insured stated he was in sound health, when he knew he was not in sound mental or physical condition. The Manhattan Company removed the cause to the United States circuit court, eastern district of Texas, on the ground of diverse citizenship, and alleged in the petition for removal as follows: "That the matter in dispute in said cause exceeds, exclusive of interest and costs, the sum and value of two thousand dollars, and, so far as this defendant is concerned therein, the controversy in said suit is wholly between

citizens of different states,—that is to say, between the said P. J. Willis & Bro. and S. Peyton, on the one part, as claiming from this defendant the amount of ten thousand dollars on account of the policy of insurance sued on, and the penalty for nonpayment of said sum, and this defendant, the Manhattan Life Insurance Company, on the other part, as resisting the enforcement of said claim,—and said controversy can be fully determined as between said P. J. Willis & Bro. and S. Peyton, as parties of the one part, and this defendant, as party of the other part." The plaintiff, Willis & Bro., filed in the United States circuit court a supplemental petition, excepting to the answer of the company on the ground that it showed that question No. 11 was not answered, and that the issuance of policy was a waiver of answer; that the answer does not allege that Peyton had been refused by any company when he applied to the Manhattan; and that this was the gist of question No. 11, and so understood by Peyton and the agent who filled out the application. The supplemental petition, by way of rebuttal to the Manhattan Company's answer, alleged that Charles Vidor, who made the application for Peyton, was agent for that purpose for the Manhattan, and was also agent for, and made out applications to, the other three companies for Peyton, at the same time he applied to the Manhattan Company, is estopped by Vidor's agency; that Vidor, the agent, and Peyton understood No. 11 to mean whether any company had refused Peyton; that the company is estopped by the issuance of the policy to say it did not waive question No. 11. Peyton's administrator amended, adopting all the pleadings of Willis & Bro., and praying for judgment for the part of the policy not claimed by Willis & Bro. The Manhattan Company answered to the pleadings of Peyton's administrator by general demurrer and general denial. The case went to trial in this state of the pleading, and without objection to the right of Peyton, administrator, though nominally a defendant, to recover, if the merits warranted. On the trial, the court sustained the Manhattan's exceptions to so much of the supplemental petition of Willis & Bro. as set up agency of Vidor, and an estoppel thereby, and overruled all other exceptions of both parties.

The plaintiff offered in evidence the policy sued on. The Manhattan Company objected on the ground that the suit was on a policy payable on condition of death, and the policy showed it was only payable on condition of truth of statements in application. The court overruled the exception, and the policy was put in evidence. It was agreed by the Manhattan Company that the assignment of this policy was made by Peyton to P. J. Willis & Bro. on the policy on February 16, 1891, consideration named as $1, and might be admitted in evidence, and it was admitted by the Manhattan Company that proof of death had been duly made. The administrator and Willis & Bro. agreed on their respective amounts of the proceeds of the policy and Willis & Bro. and Peyton's administrator, and the same went in evidence without objection. The Manhattan Company, defendant, then offered in evidence the application, admitted by Willis & Bro. and Peyton's administrator to be the original application, on which the policy sued on was issued. The Manhattan Company stated the ground on which it offered the application to be to show that applicant check-marked question No. 11 in the application, and thereby meant no, and that this was a false answer in that. This application to the Manhattan Company was made January 28, 1891, and depositions were offered to show that on January 22, 1891, applicant had made application to the Mutual Life, which was declined February 16, 1891, and that on January 28, 1891, the applicant also made application to the Equitable Life, on which a policy was issued February 4, 1891, but was recalled on February 9, and canceled. In connection with the application of Andrew Peyton to the Manhattan Company, there were offered, "for the purposes aforesaid, and none other," the depositions of a number of New York officers of various life insurance companies. To the introduction on this ground of the application and depositions Willis & Bro. and Peyton's administrator excepted, on the ground that the application showed the question No. 11 had not been answered, and that any evidence as to the question No. 11 was irrelevant. The court sustained the objection. The court instructed the jury to find against the Manhattan Company the full amount of the policy, and interest at 6 per cent., and for the Willis & Bro. corporation the amount due it from Peyton's estate, and the balance to the administrator of Peyton. The Manhattan

Company asked the court to charge that Willis & Bro. were legal owners of the policy, and the administrator of Peyton could not recover anything in this action. The court refused to give this charge, and the Manhattan Company excepted.

W. O. Hart, Max Dinkelspiel, and James Otis Hoyt, for plaintiff in error.

G. E. Mann and J. A. Martin, for defendants in error.

Before PARDEE, Circuit Judge, and TOULMIN, District Judge.

PARDEE, Circuit Judge, (after stating the facts as above.)    The first, fifth, sixth, seventh, and eighth assignments of error present the same question in different aspects, and they may be disposed of together; and that question is whether the administrator of Andrew Peyton, deceased, had any such standing in the case as authorized a recovery in his favor of the balance of the amount due on the policy sued on, after satisfying the debt due the plaintiff, the Willis & Bro. corporation, assignee of the policy as collateral security only.    The Willis & Bro. corporation, as assignee, had the right to sue on the policy in its own name, (Rev. St. Tex. art. 267; Merlin v. Manning, 2 Tex. 351–354; Devine v. Martin, 15 Tex. 26; Guest v. Rhine, 16 Tex. 549;) and even in the federal court had a right to sue on the law side, (Glenn v. Marbury, 145 U. S. 499, 12 Sup. Ct. 914, and cases there cited.)    In such a suit the administrator of Peyton, interested in the assignment and in the balance of the debt due after the Willis & Bro. corporation should be satisfied, was a proper, if not a necessary, party, and, unless he consented to join as plaintiff, was properly made a defendant.    The defendant insurance company in the petition for removal, before the administrator had appeared in the case, aligned his interest on the side of the plaintiff.    In the subsequent pleading, the administrator, although nominally a defendant, was an actor, and this without specific objection until on and after the trial.    If the insurance company had desired the administrator to abandon the name of defendant, and assume that of plaintiff, and plead specially as such, it could and should have so demanded before going to trial on the merits.    These assignments of error under consideration are not well taken, but, even if they were, it is difficult to see how the plaintiff in error was in any wise prejudiced by the matters assigned.

The second assignment of error is that the court erred in admitting in evidence over the objection of the insurance company, as stated in its bill of exceptions, the policy of insurance sued on.    Reference to the bill of exceptions shows that the objection assigned at the time was because the pleadings in the case, and the proof offered in and by said policy, were variant from each other in that the said pleadings described and declared on a contract payable absolutely and without conditions, and with no alternative, to Andrew Peyton, his administrators, executors, or assigns, the sum of $10,000, upon satisfactory proof of the death of said Andrew Peyton, during the continuance of said policy of insurance, and the policy of insurance offered in evidence is in the alternative and

upon conditions as hereinbefore set forth; the conditions referred to being a warranty as to the truth of certain answers in the application for insurance, and in relation to proof of death, the time within which suit should be brought on the policy, the truth of the statements made in the application, the payment of the premiums, etc. The policy is not set forth in haec verba in the petition, but is described, generally, as a policy of insurance covenanting and promising to pay to Andrew Peyton, his executors, administrators, or assigns, $10,000, upon satisfactory proof of the death of said Andrew Peyton during the continuance of said policy. The original answer of the insurance company fully set forth all the terms and conditions of the policy sued on, without specific objection to the general character of the original petition.

In our opinion, when the amount agreed to be paid on the death of Andrew Peyton matured by his death, it was sufficient for the plaintiff to bring suit therefor, without negativing other terms and conditions referred to in the policy, which were immaterial under the circumstances. If the statements in the application upon which the policy was based were untrue, or if there were special warranties in favor of the insurance company, and calculated to defeat the policy, they were matters of defense which, as it appears in this case, the insurance company could and did plead.

In this connection it may be noticed that, in this court, plaintiff in error makes a point not made in the bill of exceptions or the assignments of error, and says the variance was because the petition was not on an instrument under seal. If this objection were worth anything, it should have been made in the court below, but in fact there is no distinction, under Texas pleading, between sealed and unsealed writings.

The third assignment of error is that the court erred in admitting in evidence, over the objections of the Manhattan Life Insurance Company, as stated in its bill of exceptions, the transfer annexed to said policy. The record shows there was no exception taken to the admission in evidence of the transfer or assignment; on the contrary, its verity was expressly admitted, and the transfer was admitted in evidence, apparently by consent, as shown by the bill of exceptions.

The fourth assignment of error raises the only important question in the case, and is "that the court erred in excluding the evidence offered by the Manhattan Life Insurance Company, as stated in defendant's bill of exceptions, the said evidence being as follows, to wit," (then reciting the evidence as set forth in the bill of exceptions.) The bill of exceptions shows that the insurance company offered in evidence the original application on which the policy sued on was issued, and stated the ground on which it offered the application to be that applicant check-marked (✓) question No. 11 in the application, and thereby meant that no proposition or negotiation or examination for life insurance on the life of said Andrew Peyton had been made in any other company on which a policy had not been issued, and that this was a false answer in respect to said question, and that in said application the said Andrew Peyton warranted and represent-

ed to the life insurance company that the statements and answers in said application were full, complete, and true in every respect, and that the same were offered as a condition for the insurance therein applied for; that this application was made January 28, 1891, and depositions were offered to show that on January 22, 1891, said Peyton had made application to the Mutual Life Insurance Company, which was declined February 16, 1891; that on January 28, 1891, the said Peyton also made application to the Equitable Life Insurance Company, for which a policy was issued February 4, 1891, but was recalled on February 9, 1891, and canceled, and, in connection with the application of Andrew Peyton to the Manhattan Life Insurance Company there was offered, "for the purposes aforesaid, and none other," the depositions of a number of New York officers of various life insurance companies with reference to applications made to other life insurance companies, and the refusals of the same; and that when the application to the Manhattan Life Insurance Company was received and acted upon by that company, and the policy issued thereon, the said company had no information, other than what was contained in said application regarding the propositions, negotiations, or examinations for life insurance made on the life of said Andrew Peyton in said Manhattan Life Insurance Company, or any other company or association on which a policy had not been issued. The bill of exceptions further shows that to the introduction of such application to the Manhattan Company and to the depositions and evidence of the witnesses to the effect as aforesaid, and for the purposes for which they were so offered as aforesaid, the plaintiff objected, because clause 11, and the question and requirement thereby propounded, were not answered at all by the said Andrew Peyton in and by said application; and that the check mark (V) following said clause indicated nothing, and was no answer thereto; and that the warranty at the close of said application, that the statements and answers therein contained were full, complete, and true in every particular, had no application to clause 11 aforesaid, because said clause was not answered at all, nor to the failure on the part of said Andrew Peyton to answer said clause 11, and that the evidence so offered was on that account wholly irrelevant; and that the court sustained each and all of the objections so made, and excluded said applications and depositions, as aforesaid, so offered for the purposes aforesaid.

The question presented seems to be whether the check mark (V) was, or was intended to be, an answer to the eleventh question. An examination of the application, which was afterwards admitted in evidence, apparently by consent, shows that two other questions were not answered otherwise than by a check mark (V,) and that in the answers of the agent of the insurance company and also of H. L. Mather, the person to whom the applicant, Andrew Peyton, referred for information respecting his general health and habits of life, certain questions are also not answered otherwise than by (V.) These check marks are made to questions which previous answers apparently render irrelevant, and the check mark (V) in these cases

means, if it means anything, that the question is noted, but no answer is deemed necessary.

The thirteenth question in the application signed by Peyton is: "If any intention exists of changing residence or occupation, state in what manner." Of this question there is no notice taken, saving check mark, (√.) From these examples it is seen that it is impossible to predicate upon the mere check mark (√) any sort of answer to any question; and, if we examine the question 11, in which it is particularly urged that the check mark (√) was intended to mean, and did mean, that no proposition or negotiation or examination for life insurance had been made by said Peyton in any other company, on which a policy had not been issued, in connection with the depositions offered, it is easy to see that the question could not have been answered by the applicant Peyton because, although he had made application to other companies, he could not know, and did not know, whether or not a policy had been issued upon any such application.

In our opinion, the check mark (√) referred to could and did mean only that the question was noted, but not answered, and that thereby the Manhattan Life Insurance Company was fully notified that the question was not answered, although noticed by the appellant, and that the company, in accepting the application in that shape, waived all answers thus marked (√) as irrelevant, and not necessary to be answered.

The authorities are well settled that a qualified answer requires rejection of the application if not satisfactory to the company, (Insurance Co. v. France, 94 U. S. 567;) and that where, upon the face of the application, a question appears to be not answered at all, or to be answered imperfectly, and the insurers issue a policy without further inquiry, they waive the want or imperfection in the answer, and render the omission to answer more fully immaterial. Insurance Co. v. Luchs, 108 U. S. 509, 2 Sup. Ct. 949; Insurance Co. v. Raddin, 120 U. S. 190, 7 Sup. Ct. 500. In the last-cited case the whole question is reviewed upon principle and authority, and fully sustains the trial judge in the ruling complained of.

On the whole record, we find no reversible error, and the judgment of the circuit court is affirmed.