ANNA L. FISH, DEFENDANT IN ERROR, v. METROPOLITAN LIFE INSURANCE COMPANY, PLAINTIFF IN ERROR.

Argued December 1, 1905—Decided June 18, 1906.

In an action on a policy of life insurance, a plea setting up a breach of warranty that the assured had not been under the care of a physician (except one named) within two years, is sustained by proof that within that time he had been attended by another physician eight times within ten days for the ailment of rheumatism in the shoulder.

On error to the Supreme Court.

For the plaintiff, defendant in error, *Thomas B. Hall.*

For the defendant, plaintiff in error, *Willard P. Voorhees.*

The opinion of the court was delivered by

SWAYZE, J. This case is similar, in one aspect, to *Hanrahan* v. *Metropolitan Life Insurance Co.,* 43 *Vroom* 504. In that case, however, it was not necessary to decide whether a plea setting up a warranty that the assured had not been under the care of a physician was sustained by proof that the assured had been attended by a physician within the time specified, for there was also a warranty that the assured had not been attended by a physician, and we held that if necessary to sustain the judgment the plea was amendable. In the present case the plea is not amendable, since the result is to reverse the judgment.

The question here presented is whether a plea averring a breach of warranty that the assured had not been under the care of any physician (except one named) within two years prior to the application for insurance is sustained by the proofs.

The warranty is contained in two clauses of the application, which read as follows:

"5. The following is the name of the physician who last attended me, the date of the attendance and the name of the complaint for which he attended me:  Typhoid fever; January, 1893; Dr. Braymer.

"6. I have not been under the care of any physician within two years, unless as stated in previous line, except          ."

The proof was that Dr. Jarrett had attended the assured for illness on September 25th, 26th, 28th, 30th, and October 2d, 3d, 4th and 5th, in 1901, and that the ailment which required the doctor's attendance was rheumatism in the shoulder.  Whether or not being under the care of a physician and being attended by a physician are synonymous, it is not now necessary to decide.  The fact that paragraph 6 refers to the previous line (evidently meaning paragraph 5), indicates that the two were regarded as synonymous, at least by the company which prepared the form of application. Whether the expressions are synonymous or not, we think that the facts show a breach of the warranty that the assured had not been under the care of a physician.  We cannot assume that a physician who attends a patient for rheumatism in the shoulder eight times within ten days gives him no care.  The natural inference is to the contrary.  Nor do we think the fair meaning to be attributed to the warranty is that the patient is under the sole care of, and that his conduct is wholly directed by, the physician.  The ordinary meaning of the words is that a physician had been giving care to the patient.

The word "except," which is printed in the blank at the end of paragraph 6, might cause some hesitation, in view of the anxiety of the courts to avoid a forfeiture of the policy, were it not for the express provision of the application that "wherever nothing is written in the following paragraphs it is agreed that the warranty is true without exception."  If any exception was to be made, it was the duty of the applicant to state it.

The proof, in our judgment, showed a breach of the warranty pleaded, and a verdict should have been directed for

the defendant. Because of the failure to comply with this request, the judgment must be reversed and the record remitted for a new trial.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Fort, Garretson, Hendrickson, Pitney, Swayze, Reed, Bogert, Vredenburgh, Vroom, Green, Gray, Dill. 15.