FLÓRA M. SILCOX, DEFENDANT IN ERROR, v. THE GRAND FRATERNITY, PLAINTIFF IN ERROR.

Argued March 2, 1910—Decided June 20, 1910.

1. Where a contract for life insurance makes the answers, contained in a written or printed application, warranties and makes such warranties part of the contract, an untrue statement by way of answer concerning a matter of fact that is within the personal knowledge of the applicant constitutes a breach of warranty that will defeat a recovery by the beneficiary of such contract.

2. Where such application contains a clear limitation upon the authority of the insurer's agents to waive or vary any answer required by the application, untrue answers written down by such agent and signed by the applicant constitute a breach of warranty that will defeat recovery upon the contract, if such be the effect given to such untruths by the express terms of the application and contract.

On error to the Supreme Court.

For the plaintiff in error, *W. Holt Apgar.*

For the defendant in error, *John H. Backes.*

The opinion of the court was delivered by

GARRISON, J. This was an action by the beneficiary of a certificate of membership which is in effect a policy of insurance issued by the plaintiff in error upon the life of Henry A. Silcox, payable in the event of his death to his wife, Flora, who was the plaintiff below and is now the defendant in error. The trial of the action having resulted in a verdict in favor of the plaintiff, the judgment entered thereon is now brought up for review by a writ of error with which certain bills of exceptions are returned.

The matters placed in issue by the pleadings and contested at the trial were: *First,* the failure of the plaintiff to submit her controversy with the defendant to arbitration; *second,* the rescission of the contract of membership by the defendant during the lifetime of Henry A. Silcox; *third,* fraudulent

misrepresentations made by said Silcox in his application for membership, and *fourth,* breaches of express warranties.

The third and fourth matters, as allegations of fact, were so intermingled in a single plea that a motion to strike out such pleading, as framed to embarrass a fair trial of the action, might well have prevailed; no such motion was, however, made. The plaintiff replied to both sets of allegations by denying the making of the express warranty, by alleging that it was procured by fraud, by denying that its statements were untrue and by a traverse of the allegation of fraudulent misrepresentation.

The case was tried upon these issues and has been argued here along the same lines.

A motion to nonsuit that was made and refused need not be separately considered since the ground on which it was made was restated and ruled upon by the trial court in denying the motion for the direction of a verdict made by the defendant at the close of the case. The denial of this motion is the foundation of the principal assignments of error, the requests to charge that were denied being, in effect, restatements of the grounds on which the motion for the direction of a verdict was rested, which covered each of the four matters placed in issue by the pleadings. If, therefore, upon any issue a verdict should have been directed for the defendant the denial of such motion was legal error.

With respect to the first three issues the court was, in our opinion, entirely right in refusing to direct a verdict.

1. The failure of the plaintiff to submit her controversy with the defendant to arbitration did not defeat her action. Submission to arbitration is not, by the constitution of the defendant, made a condition precedent to recourse to the civil courts in a matter of property rights, as illustrated in *Ocean Castle* v. *Smith,* 29. *Vroom* 545; *Roxbury Lodge* v. *Hocking,* 31 *Id.* 439. What the constitution provides is that if a controversy shall arise between any beneficiary and the fraternity, "the determination of which is not provided for in any other way," the same shall be settled by arbitration.

This language, while apt as to matters within the order, touching which the civil courts do not in general assume initial jurisdiction, is inept as applied to the settlement of property rights or money demands, for the determination of which "another way" is provided, viz., by action in the civil courts. Without regard, therefore, to the question of public policy involved in a definitive requirement that property rights shall be settled out of court, the contract sued upon in the present case did not require the beneficiary to institute and carry through an arbitration proceeding either as a final settlement of her money demand or as a condition precedent to her action at law therefor. 2. The alleged rescission of the contract, which was in effect the attempted expulsion by the defendant of one of its members, without notice or opportunity to hear or answer charges, was entitled to no weight in a collateral proceeding. · 3. Whether or not certain statements of fact were not only untrue but also fraudulent, presented, under the testimony, a question that was properly submitted to the jury. Thus far the action of the court below, in dealing with the motion for a direction, was free from error; in regard, however, to the fourth ground, viz., the breach of an express warranty, error was, we think, committed. The application for membership signed by Henry A. Silcox contained the following express provision:

"And I do promise and agree, for myself and my beneficiary or beneficiaries, that each and every statement and answer in this application shall be deemed a warranty on the faith of which I am admitted to beneficial membership in the Grand Fraternity, and no act of omission or commission on the part of the examining physician or any subordinate officer, deputy or member, or any knowledge on the part of either of any fact or act at variance with any of said statements or answers shall constitute or be held as constituting a waiver of the said warranty. And in case any statement or answer shall not be absolutely true in every respect, or in case there has been any misstatement or misleading statement or omission or concealment of any fact material to the risk, the benefit certificate or certificates issued hereon shall be absolutely void."

His certificate of membership, under the head "Application," provided:

"Every statement and answer in such application and medical examination shall be deemed a warranty on the faith of which the applicant is accepted and admitted, and no act or knowledge on the part of the examining physician or any subordinate officer, deputy or member shall constitute a waiver of said warranty."

And under the head "Breach of Warranty" it was provided:

"II. Breach of Warranty. Any misstatement or misleading statement, concealment or omission of a material fact or facts, made by, or on behalf of the member in the application or medical examination, will render the certificate null and void."

The precise nature of the member's undertaking and the express limitation upon the authority of the fraternity's agents were therefore each clearly set forth in his application and contract.

Among the questions and answers contained in Silcox's application were the following:

"Question 18a. When and for what complaint did you last consult a physician, give full particulars? 15 years ago, inflammation of bowels."

"(b) Give the name and address of the physician whom you last consulted. Dr. Mosher, Griggstown, N. J."

These questions related to matters within the personal knowledge of the applicant, whose answers were complete and unequivocal. That the applicant's answers to these questions were untrue appears from the testimony of two medical witnesses, viz., Drs. Reeves and Adams, as to their having been consulted by Henry A. Silcox professionally and their practically continuous treatment of him during a considerable portion of the last four years of his life. This testimony is not only uncontradicted but is corroborated by testimony adduced by the plaintiff's counsel from his own witness, Herbert C. Silcox, viz., that his brother Henry had stated in his presence that he had been treated by Drs. Adams and Reeves,

of Rocky Hill; and there is proof that Henry had removed to Rocky Hill in 1904, that his application was in January, 1907, and that he died in January, 1908. The contract of warranty, the statements warrantied, and the untruth of such statements all therefore conclusively appeared.

The rules of law applicable to such a state of facts are (1) that where a contract for life insurance makes the answers contained in a written or printed application warranties and makes such warranties part of the contract, an untrue statement by way of answer, concerning a matter of fact that is within the personal knowledge of the applicant, constitutes a breach of warranty that will defeat a recovery by the beneficiary of such contract; and (2) that where such application contains a clear limitation upon the authority of the insurer's agents to waive or vary any answer required by the application, untrue answers written down by such agent and signed by the applicant constitute a breach of warranty that will defeat recovery upon the contract if such be the effect given to such untruths by the express terms of the application and contract.

In regard to the soundness of these rules nothing can be added to the comprehensive opinion delivered by Mr. Justice Pitney (now Chancellor) in the case of *Dimick* v. *Metropolitan Life Insurance Co.*, 40 *Vroom* 384.

The facts involved in the present case are almost identical with those dealt with by this court in *Fish* v. *Metropolitan Life Insurance Co.*, 44 *Vroom* 619.

The denial of the motion to direct a verdict upon the ground stated was error for which the judgment of the Supreme Court must be reversed. The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.