### HELEN H. BRUNJES v. METROPOLITAN LIFE INSURANCE COMPANY.

Submitted July 5, 1912—Decided November 11, 1912.

The breach by the insurer of a warranty contained in his application for insurance is a bar to the right of the beneficiary to recover upon the policy issued in pursuance of such application.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the rule, *Clifford I. Voorhees.*

*Contra, John P. Lloyd.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action brought upon a life insurance policy, the person who was insured being one Fred Brunjes, now deceased, and the husband of the plaintiff, who is the beneficiary named in the policy. The defence is based upon the alleged breach of certain warranties contained in the application for insurance, only two of which need to be referred to in the disposition of this rule. They are as follows: "4. The following is the name of the physician who last attended me, the date of the attendance and the name of the complaint for which he attended me. Dr. Coughlin. Jan. 1911. Grippe. Good results."

"5. I have not been under the care of any physician within two years other than as stated in previous paragraph, except."

The application contained a general provision that "whenever nothing is written in the paragraphs it is agreed that the declaration is true without exception." In paragraph 4 the written words were, "Dr. Coughlin. Jan. 1911. Grippe. Good results;" in paragraph 5 nothing is written.

To support its allegation that there was a breach of the warranty contained in the provisions of the application which have been recited the defendant called Dr. Robert E. Coughlin. He testified that prior to the spring of 1910, Fred Brunjes, the deceased, called at his office for treatment, with more or less irregularity, sometimes coming as often as once in two weeks, and other times not oftener than once a month, and that he treated him for dyspepsia and stomach trouble up to that spring; that in October, 1910, Brunjes returned to his office for further treatment, and that at that time he presented symptoms of tuberculosis of the lungs, for which he treated him, and that that treatment continued more or less through the winter up to about January, or February, of the following year, when he treated him at his (Brunjes') house for an attack of the grippe. No attempt was made on

the part of the plaintiff to contradict this testimony of Dr. Coughlin, or to reflect upon his credibility as a witness. At the close of the case there was a motion to direct a verdict upon the ground of the untruthfulness of the last of the paragraphs cited from the application. This motion was refused, the case was left to the jury and resulted in a verdict for the plaintiff. The defendant now contends that it was entitled to the direction asked.

In the case of *Fish* v. *Metropolitan Life Insurance Co.,* 44 *Vroom* 619, the application for the policy sued upon contained statements practically identical with those which have heretofore been recited. At the end of paragraph 4 was written, "Typhoid fever. Jan. 1893. Dr. Braymer." The proofs showed that one Dr. Jarrett had attended the assured during the latter part of September and early part of October, in the year 1901, for rheumatism in the shoulder, this being within the two years prior to the date of making the application. It was held, by the Court of Errors and Appeals, that this proof showed a breach of the warranty contained in paragraph 5. The case is identical with that now under consideration, except that it may be assumed, from the use of the word "attended," that the physician visited the patient at the latter's home; whereas, in this case, the medical treatment was afforded at the office of the physician. But this variance, we think, is entirely immaterial. The warranty in the fifth paragraph is that the applicant has not been under the care of any physician, and this term is broad enough to include not only the attendance of the physician at the residence of the patient, but the treatment of the latter at the physician's office.

The breach of the warranty relied upon having been proved, and there being no denial of it, the defendant was entitled to the direction of a verdict, and because of the refusal of the trial court to so deal with the case at the close of the testimony, the rule to show cause must be made absolute.