HELEN H. BRUNJES, APPELLANT, v. METROPOLITAN LIFE
INSURANCE COMPANY, RESPONDENT.

HELEN H. BRUNJES, APPELLANT, v. METROPOLITAN LIFE
INSURANCE COMPANY, RESPONDENT.

Submitted July 9, 1917—Decided November 19, 1917.

1. A breach of warranty contained in a life insurance policy is a
   bar to a recovery upon the policy by the beneficiary, following
   *Fish* v. *Metropolitan Life Insurance Co.*, 73 *N. J. L.* 619 ; *Brunjes*
   v. *Metropolitan Life Insurance Co.*, 83 *Id.* 296.
2. In a suit, on an industrial policy of insurance, it is not error to
   admit in evidence at the trial, the application blank containing
   signed answers of the insured and the medical examiner's report,
   although not made a part of the policy. If the answers are false,
   it will bar a recovery on the policy, by the beneficiary, on the
   ground of fraud, following *Duff* v. *Prudential Insurance Co.*, 90
   *N. J. L.* 646.

On appeal from the Supreme Court.

For the appellant, *John P. Lloyd* (*Harry Lane* on the
brief).

For the respondent, *Clifford I. Voorhees.*

The opinion of the court was delivered by

BLACK, J.   Verdicts for the defendant were directed at the
Circuit by the trial judge in each of these cases. The legality
of that judicial action is brought under review by these ap-
peals. The suits were brought to recover five hundred dollars
($500) on an ordinary life insurance policy, to which the ap-
plication was attached and made a part of the contract, dated ·
March 13th, 1911, and four hundred and thirty dollars
($430) on an industrial policy of like date. The application
blank and medical examiner's report were not made a part

of the contract under this policy. The assured, Fred Brunjes, died July 8th, 1911. This was the second trial of the first case; that trial resulted in a verdict for the plaintiff, which on a rule to show cause was set aside by the Supreme Court, on the ground that there was a breach by the insured of a warranty in the application for the insurance. *Brunjes* v. *Metropolitan Life Insurance Co.*, 83 *N. J. L.* 296.

The justification of the trial judge for his judicial action rested on the ground, as stated by the court. that the proofs were the same at the trial under review as on the first trial. It is the settled or accepted law of this state under our judicial system that a verdict set aside on a rule to show cause as against the weight of evidence, on a retrial, that result is not necessarily a ground for the trial judge to direct a verdict in accordance therewith. *Horandt* v. *Central Railroad Co.*, 81 *N. J. L.* 488; *Dickinson* v. *Erie Railroad Co.*, 85 *Id.* 586; *Le Barron* v. *Erie Railroad Co.*, ante p. 269.

But in this case the decision of the Supreme Court was rested on a breach of warranty; there being no denial of it in the proofs, we think the ruling of the trial judge was correct and should be affirmed, substantially, for the reasons stated in the opinion of the Supreme Court, *supra*, and the case of *Fish* v. *Metropolitan Life Insurance Co.*, 73 *N. J. L.* 619, decided in this court.

This disposes of this case, but it may not be amiss to briefly refer to the grounds of appeal and incidentally to some of the dominant facts. The grounds of appeal are three in each case. They are the same, with the exception that there is an additional or fourth ground in case No. 2, *i. e.*, the suit on the industrial policy.

That the court improperly directed a verdict for the defendant is disposed of by what has been said above. There was no error in the admission or rejection of evidence. This disposes of the first and third grounds of appeal, they being without legal merit.

In case No. 2, as stated, there is an additional or fourth ground of appeal. It is alleged as error that the trial court

improperly admitted in evidence the application blank of the deceased containing his signed answers given to the Metropolitan physician and medical examiner and the report of the medical examiner; these were not made a part of the policy, and section 4 of the act of 1907, page 134, is invoked, which provides that the policy shall contain the entire contract between the parties and all statements purporting to be made by the insured, shall, in the absence of fraud, be deemed representations and not warranties. Any waiver of this provision shall be void.

We had under consideration and passed upon this point, in the case of *Duff* v. *Prudential Insurance Co.,* 90 *N. J. L.* 646. In the case under discussion, in the application, the insured stated, among other things, that he had never had consumption; that he was then in sound health; that Dr. Coughlin attended him in January, 1911, for grippe one week; that he had not been under the care of any physician within two years, unless as stated in the previous line. It is provided in the application that every answer must be true or the policy will be void.

We think it was not error for the trial court to admit the application blank with the signed answers of the insured and the medical examiner's report in evidence; there was no attempt to disprove or controvert the fact that these statements were untrue.

There is nothing mysterious about a policy of life insurance. It is a contract. The contract is based upon facts regarding age, health and disease. When facts are called for which are required to be given by the insured, and signed answers to questions are returned as a basis for making the contract, fair dealings require that the answers so made should be true. A material false representation in the answers purposely made is a reason for the avoidance of the policy on the ground of fraud.

It was therefore not error for the court to direct verdicts for the defendant.

The judgment in each of the cases will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, HEPPEN-HEIMER, JJ.   8.

*For reversal*—GARRISON, MINTURN, KALISCH, WHITE, WILLIAMS, JJ.   5.