## Moriarty v. Metropolitan Life Insurance Company.

(Decided April 19, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Insurance—Life Insurance—Application—True Copy—What Constitutes—Admissibility in Evidence.—Where the application for insurance consists of parts A and B which are signed by the applicant, and parts C, D and E, and the report of inspection, on the reverse side of the page, which was signed by the examining physician, the latter portion constitutes no part of the application as signed by the applicant and the omission thereof from the copy of the application attached to the policy will not have the effect of rendering such copy inadmissible in evidence.

2. Insurance—Life Insurance—Action on Policy—Defenses—Fraudulent Representations—Effect.—An application for insurance con-

tained the following: "Wherever nothing is written in the following paragraphs it is agreed that the declaration is true without exception." Succeeding this provision was the following: "I have never had any of the following diseases: Apoplexy, appendicitis, asthma, bronchitis, cancer or other tumor, consumption, . . . except——." Following this paragraph nothing was written. Held, that as the declaration was unqualified, the applicant represented to the company that he had never had the consumption; and as the uncontradicted evidence showed that this representation was not only false but material, the company was entitled to a directed verdict.

3.  Contracts—Validity—Fraud or Mistake—Application for Insurance—Signing Without Reading.—One who can read, and has an opportunity to read, an application for insurance which he signed without reading, is bound by the fraudulent representations therein contained unless it appears that he was misled as to the nature or contents of the application or his signature was obtained by fraud.

PRYOR & CASTLEMAN, D. R. CASTLEMAN and THOMAS WALSH for appellant.

BRUCE & BULLITT and CLARENCE C. SMITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 19, 1913, the Metropolitan Life Insurance Company issued to Daniel Moriarty, a policy by which it insured his life in favor of his mother, Mary Moriarty, in the sum of $500.00. The insured died while the policy was in force, and the company having denied liability, the beneficiary brought this suit to recover on the policy. At the conclusion of the evidence, the court directed a verdict in favor of the defendant, and plaintiff appeals.

(1) The first ground urged for a reversal is that a correct copy of the application was not attached to the policy, and that, therefore, the application should not have been admitted in evidence. It appears that the application consisted of five parts marked A, B, C, D, E, and the report of inspection. Parts A and B appear on page one, which is headed, "Application to the Metropolitan Life Insurance Company to be Signed by the Applicant for Insurance and Proposed Beneficiary." Parts C, D and E and the report of inspection appear on the reverse side of the page. This page is headed, "Report of Examining Physician—No part of Applicant's Declar-

ation." Only parts A and B were attached to the policy and counsel for plaintiff argues that as the application and the report of the examining physician were all on one paper, the copy of the application attached to the policy was not correct.

The material part of section 679, Kentucky Statutes, 1909, which was in force when the policy was issued, is as follows:

"All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the constitution, by-laws or other rules of the corporation, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant, and the portion of the constitution, by-laws or other rules referred to; and unless so attached and accompanying the policy, no such application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties. The said policy or certificate, application, constitution, by-laws or other rules shall be plainly printed, and no portion thereof shall be in type smaller than brevier."

The purpose of this provision is to furnish both of the parties a copy of the entire contract between them. Hence when the application is attached to, or made a part of, the policy, both the insured and his beneficiary are apprised of the precise representations which the insured made in order to obtain the insurance, and may rest secure in the knowledge that the company may not defeat the policy by proof of any other representations than those contained in the policy and application. Southern States Mutual Life Insurance Company v. Herlihy, 138 Ky. 359, 128 S. W. 91. Furthermore the application referred to in the statute is "that signed by the applicant." Here the only application signed by the applicant was parts A and B. The report of the examining physician did not appear in these parts, but in parts C, D and E and the report of inspection on the reverse side of the page. Cases may

arise where the medical examination itself is signed by
the applicant or is embraced in the application signed
by the applicant, in which event a copy of the medical
examination should be attached to the policy.  Southern
States Mutual Life Insurance Company v. Herlihy,
*supra;* Ames v. The Manhattan Life Insurance Company,
52 N. Y. Supp. 759; Paulhamus v. Security Life and An-
nuity Company, 163 Fed. 554.  There is a distinction,
however, between the medical examination signed by the
applicant and the independent report not signed by the
applicant, but signed alone by the examining physician
and based on statements for which the applicant was in
nowise responsible.  In such a case the report is not a
part of the application "as signed by the applicant,"
even though it appears on the reverse side of the appli-
cation, and its omission from the copy of the application
attached to the policy will not have the effect of render-
ing such copy inadmissible in the evidence.  Nugent v.
The Greenfield Life Assn. (Mass.), 52 N. E. 440; Bon-
ville v. John Hancock Mutual Life Insurance Company
(Mass.), 85 N. E. 1057; Johnson v. Des Moines Life
Assn. (Iowa), 75 N. W. 101.

(2)  It it next insisted that the court erred in hold-
ing that the insured made any fraudulent representations
in the application.  For the purpose of deciding this ques-
tion, it will not be necessary to set out all the fraudulent
representations relied on.  In part B is the following pro-
vision:

"To induce the Metropolitan Life Insurance Company
to issue policy, and as consideration therefor, I agree
on behalf of myself and of any other person who shall
have or claim interest in any policy issued under this ap-
plication, as follows:

"Wherever nothing is written in the following para-
graphs it is agreed that the declaration is true without
exception.

"I have never had any of the following diseases:
apoplexy, appendicitis, asthma, bronchitis, cancer or
other tumor, consumption, . . .  except ——."

Following this paragraph nothing was written.  The
uncontradicted evidence shows that the insured had been
a patient in several tuberculosis sanitariums and had
been treated by numerous physicians for tuberculosis. It
further shows that he had, and knew that he had, tubercu-
losis at the time the application was signed.

It may be conceded that where the application asks a question in regard to a material fact but no answer by the insured appears in the application, the courts generally hold that no case of fraudulent representation is presented because the insured neither admitted nor denied the existence of the fact concerning which the inquiry was made. Phoenix Mutual Life Insurance Company v. Redden, 120 U. S. 183; French v. Fid. & Casualty Company, 17 L. R. A. (N. S.) 1011; Manhattan Life Insurance Company v. Willis, 60 Fed. 236. Here, however, the facts are different. The application did not contain the question whether the insured had ever had the consumption. On the contrary it provided that wherever nothing was written in the following paragraphs it was agreed that the declaration was true without exception. It would be a far-fetched construction to hold that this provision applied only in the event that the word, "nothing," was written. That word does not occur in quotations, and the only reasonable and natural interpretation of the provision is, that in the absence of any answer following the paragraphs, it was agreed that the declarations therein contained were true without exception. Following this provision is the paragraph containing the statement of the insured that he had never had the consumption. Being in the form of a statement, no answer was necessary unless the insured desired to qualify the declaration. Having failed to qualify the declaration, there is no escape from the conclusion that he represented to the company that he had never had the consumption. Fish v. Metropolitan Life Insurance Co. (N. J.), 64 Atl. 109; Brunjes v. Metropolitan Life Insurance Company (N. J.), 84 Atl. 1062. And since the uncontradicted evidence shows that this representation was not only false but material, it follows that the company was entitled to a directed verdict, unless the facts considered in the next paragraph were sufficient to take the case out of the general rule.

(3) Lastly, it is insisted that because Dr. Prather testified that the insured signed the application without reading it, the court erred in holding that the insured was bound by the representation contained in the application. According to Dr. Prather's evidence, he read the application to the insured and correctly recorded the exceptions and declarations made by the insured. He then handed the application to the insured and the in-

sured signed it without reading it. This is not a case where it is contended that the examining physician himself made false answers to the questions propounded to the insured, or misrepresented to the insured the contents of the application and thereby induced him to sign it without reading it. It is simply a case where, without plea or proof of fraud, mistake or estoppel, it is sought to escape the effect of the false representations contained in the application by mere proof that the insured signed the application without reading it. We have frequently written that one who can read, and has an opportunity to read, a contract which he signs, is bound unless he was misled as to the nature or contents of the instrument, or his signature was obtained by fraud. United Talking Machine Co. v. Metcalfe, 164 Ky. 258, 175 S. W. 357; Bowen v. Chenoa-Hignite Coal Company, 168 Ky. 588, 182 S. W. 635; Huber Manufacturing Co. v. Piersall, 150 Ky. 307, 150 S. W. 241; J. M. Case Mill Mfg. Co. v. Vickers, 147 Ky. 396, 144 S. W. 76; Blake v. Black Bear Coal Co., 145 Ky. 788, 141 S. W. 403; J. I. Case Threshing Machine Co. v. Mattingly, 142 Ky. 581, 134 S. W. 1131; Western Manufacturing Co. v. Cotton & Long, 126 Ky. 749, 104 S. W. 758, 12 L. R. A. (N. S.) 427; Gaither v. Daugherty, 38 S. W. 2. To the same effect is 13 C. J. 370. And since the statements of the applicant are made for the purpose of obtaining the insurance, there is every reason why the same rule should apply to the application in consideration of which the policy was issued, and such is the prevailing doctrine. McGregor v. Metropolitan Life Insurance Co., 143 Ky. 488, 136 S. W. 889; New York Life Insurance Co. v. Fletcher, 117 U. S. 529. It not appearing that the insured was misled as to the nature or contents of the application, or that his signature was obtained by fraud, it follows that the court did not err in holding that he was bound by the fraudulent representations contained in the application.

Judgment affirmed.