LIZZIE KERPCHAK, RESPONDENT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.

Argued November 22, 1921—Decided June 19, 1922.

1. Where a policy provides, as required by law, that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warrantees," the policy will be avoided for a misrepresentation in the application made a part thereof, if the misrepresentation be material and fraudulent; that is to say, if it be the statement of something as a fact, which is untrue, and which the insured stated, knowing it to be untrue, and with an intent to deceive, or which he stated positively as true, without knowing it to be true, and which has a tendency to mislead; such fact in either case being material to the risk.

2. In life insurance, every fact which is untruly stated or wrongfully suppressed must be regarded as material to the risk, if the knowledge or ignorance of it would naturally and reasonably influence the judgment of the underwriter in making the contract at all, or in estimating the degree or character of the risk, or in fixing the rate of premium.

3. A false statement in the application made a part of the contract, that the applicant for life insurance had not consulted or been attended or treated by a physician, is material to the risk, and, if made knowingly and willfully, will avoid the policy.

4. The insured died of pulmonary tuberculosis eight months after the policy was issued. In her application, made a part of the contract, she was asked, "Give name and address of physician last consulted?" and she answered, "Never had a doctor." In an action upon the policy the evidence showed conclusively that within the three weeks preceding such statement she went twice to a physician for treatment, who told her that she had weak lungs and catarrh, and prescribed for her. It also showed conclusively that such false representation was made knowingly and willfully. *Held*, that a verdict should have been directed for the defendant insurance company.

5. Where a policy of insurance is taken out by a minor above the age of fifteen years, on her own life and for her benefit or the benefit of her mother, and she dies before reaching majority, a false and fraudulent representation made by the insured in the application upon which the policy is based, respecting a matter of fact material to the risk, constitutes a defence to an action upon the policy by the beneficiary named therein.

On appeal from the Supreme Court.

For the appellant, *McCarter & English.*

For the respondent, *Thomas J. Kennedy.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment entered upon a verdict for the plaintiff below at the Bergen Circuit.

The plaintiff is the mother and beneficiary of Anna E. Kerpchak, whose life the defendant company insured for $1,000 on April 3d, 1919.

The policy says that it was issued in consideration of the representations in the attached application made a part thereof, and further provides, as required by our Insurance law—*Pamph. L.* 1907, *p.* 133, § 1 (4)—that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warrantees." It also provides that it shall be uncontestable after one year, except for certain causes not now in question.

The insured died of pulmonary tuberculosis December 5th,

1919, eight mouths after the policy was issued, aged nineteen years. The defendant company refused to pay the beneficiary (the plaintiff) because, among other things, it maintained that a statement in the application to the effect that the applicant had never consulted a physician, was false and fraudulent, and it was upon that ground, among others, that the defendant at the trial moved for a direction of a verdict in its favor.

We are of the opinion that the denial of that motion was erroneous.

The legal rule is that where, as here, a policy provides, as required by our Insurance law, that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warrantees," the policy will be avoided for a misrepresentation in the application, made a part thereof, if the misrepresentation be material and fraudulent; that is to say, if it be the statement of something as a fact, which is untrue, and which the insured stated, knowing it to be untrue, and with an intent to deceive, or which he stated positively as true, without knowing it to be true, and which had a tendency to mislead; such fact in either case being material to the risk. *Prahm* v. *Prudential Insurance Co.* (*New Jersey Court of Errors and Appeals*), *post p.* 206.

Every fact which is untruly stated or wrongfully suppressed must be regarded as material, if the knowledge or ignorance of it would naturally and reasonably influence the judgment of the underwriter in making the contract at all, or in estimating the degree or character of the risk, or in fixing the rate of premium.

A false statement in the application made a part of the contract that the applicant had not consulted or been attended or treated by a physician, is material to the risk, and, if made knowingly and willfully, will avoid the policy. *Metropolitan Life Insurance Co.* v. *McTague*, 49 N. J L. 587.

In the present case the application shows that the insured was asked, "Give name and address of physician last consulted?" She answered, "Never had a doctor."

The evidence shows conclusively that such answer was false, and when made was known to the insured to be .false.

The application was made on March 30th, 1919, and the policy was dated April 3d, 1919. The uncontradicted evidence shows that on March 10th, 1919, and again on March 24th, 1919, the insured went from Garfield, her home, to Dr. Lippe in Newark, near by, for treatment, and he told her that she had weak lungs and catarrh and prescribed for her. It shows that between such consultations she was visited by the district nurse, who advised her to go to the Glen Gardner sanitarium, known to the insured to be a state institution for tuberculosis patients. The question put in the application was not ambiguous, and called for the statement of a fact, not the expression of an opinion. The false answer was made understandingly, knowingly and willfully. The insured was a native of this country, intelligent and understood English. The question was put in English, and her doctor was an English-speaking physician.

Since such matters of fact were established by unimpeached witnesses and without contradiction, a verdict should have been directed ·for the defendant because of such fraudulent misrepresentations. *Fish* v. *Metropolitan Life Insurance Co.,* 73 *N. J. L.* 619; *Guarraia* v. *Metropolitan Life Insurance Co.,* 90 *Id.* 682; *Brunjes* v. *Metropolitan Life Insurance Co.,* 91 *Id.* 296.

It is contended, however, that such false and fraudulent statement does not bar recovery by the plaintiff beneficiary because it was made by an infant. Not so. Where, as here, a policy of insurance is taken out by a minor above the age of fifteen years, on her own life and for her benefit or the benefit of her mother, and she dies before reaching majority, ·a false and fraudulent representation made by the insured in the application upon which the policy is based, respecting a matter of fact material to the risk, constitutes a defence to an action upon the policy by the beneficiary named therein. See *Prahm* v. *Prudential Insurance Co.,. supra,* where the reason for the rule is stated.

The judgment below will be reversed and a *venire de novo* awarded.

*For affirmance*—MINTURN, BLACK, VAN BUSKIRK, JJ.    3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ.    12.