FRANK PARKER, PLAINTIFF, v. METROPOLITAN LIFE IN-
SURANCE COMPANY, A CORPORATION, DEFENDANT.

Decided November 29, 1932.

For the rule, *McCarter & English.*

Opposed, *Mortimer Eisner.*

LAWRENCE, C. C. J. This was a suit on an insurance
policy issued by defendant to the wife of the plaintiff and
in which he was named as the beneficiary. It was tried be-
fore me and a jury at the Monmouth Circuit and resulted
in a verdict in his favor. Defendant, under the rule to show
cause, argues for a new trial, urging that the verdict was
contrary to the evidence, its weight, and to the charge of the
court, also insisting that there was no supporting testimony
to justify the finding of the jury.

Mrs. Parker applied for the insurance on February 19th,
1929, and died May 24th, 1930. The death certificate sets
forth the cause technically as acute glomerular nephritis,
acute hepatitis, with streptococcus septicemia as contributory.
Nephritis and hepatitis involve inflammation of the kidneys
and liver, the former indicating a phase of Bright's disease,
while streptococcus septicemia is said to be an insidious blood
infection.

The issue at the trial was whether in her application for
the insurance Mrs. Parker had falsely answered certain ques-
tions, thereby misrepresenting material facts and so voiding
the policy thereafter issued to her by the insurance company
in reliance on the truth of such answers; their falsity not

having been discovered until after her death. In the application she stated that she had had a successful operation for appendicitis in September, 1926, and in February, 1929, had recovered from an attack of influenza after an illness of eight weeks; that her usual medical attendant was Dr. Rullman; and that, with the exception of the operation for appendicitis and the influenza, she had had none of the complaints or diseases specially inquired for, which included jaundice. In answer to the question as to whether she had been attended by a physician in the preceding five years, she indicated Dr. Rullman only, while to that as to any treatment at any dispensary, hospital or sanatorium during the same period, she gave no answer other than to refer, by inference, to the operation for the removal of the appendix, the precise answer being "see above." Under "additional information or remarks," the statement appeared that "the applicant is in excellent health—shows no sign of any weakness following influenza attack." She certified that she had read the answers to the questions before signing the application, that they had been correctly written, as given by her, that they were full, true and complete, and that there were no exceptions to any of them, other than as stated.

The evidence offered at the trial disclosed that in fact she had been treated by a Dr. DePons on December 18th, 1928, and that specimens of urine had been delivered at the physician's office from time to time, while the proof of death made out by the plaintiff stated that during the period of two years before her death, his wife had been constantly attended by Dr. DePons. The latter testified that Mrs. Parker had complained of indigestion and that she had not returned to learn the result of the examination of the urine.

Dr. Rullman, when examined, stated that he attended her at a hospital from September 23d, 1925, to October 6th, 1925, for chronic appendicitis, and operated for it; that again, at the same hospital, he treated her from April 17th, 1926, to May 6th, 1926, diagnosing her ailment as chronic cholecystitis (inflammation of the gall bladder) at which time he also discovered that she had jaundice and a heart condition

known as pericardial effusion, although he did not recall whether he had made it known to her.

While it was said in *Clayton* v. *General, &c., Assurance Corp.,* 104 *N. J. L.* 364; 140 *Atl. Rep.* 307, that a false statement made in the application for a policy of health insurance, or the failure to set out physical conditions, which are in their nature simply transitory or temporary indispositions, will not bar a right of recovery, if not made with intent to deceive, or if it does not materially affect either the acceptance of the risk or the hazard assumed by the insuring company, it would seem that the evidence here considered did suggest physical conditions that were something more than transitory in their nature or of merely temporary indispositions, which would have materially affected the acceptance of the risk, if indicated or disclosed in the application attached to and made a part of the policy.

Counsel for defendant rely on *Metropolitan Life* v. *McTague,* 49 *N. J. L.* 587; 9 *Atl. Rep.* 766; *Fish* v. *Metropolitan Life Insurance Co.,* 73 *N. J. L.* 619; 64 *Atl. Rep.* 109; *Brunjes* v. *Metropolitan Life Insurance Co.,* 91 *N. J. L.* 296; 102 *Atl. Rep.* 693; *Kerpchak* v. *John Hancock Mutual Life Insurance Co.,* 97 *N. J. L.* 196; 117 *Atl. Rep.* 836, and *Locker* v. *Metropolitan Life Insurance Co.,* 107 *N. J. L.* 257; 151 *Atl. Rep.* 627, as to the effect of the failure of an applicant for insurance to reveal medical treatment within a stated period, whether in a hospital or elsewhere, and the name of the attending physician, when made the basis of a charge of obtaining the policy involved by misrepresentation or fraud.

In the circumstances of the present case, it does not appear that the jury gave due consideration to the material omissions in Mrs. Parker's application for the insurance in question, knowledge of which she undoubtedly had, notwithstanding which she certified that her answers to the questions were full, true and complete, and that there were no exceptions to any of them, other than as stated. The verdict must, therefore, be held contrary to the weight of the evidence, if not the evidence itself. The rule to show cause will be made absolute.